# IN THE OREGON TAX COURT

Gordon and Joan BARRON
*v.*
# DEPARTMENT OF REVENUE
(TC 2882)

Kevin O'Connell, O'Connell & Goyak, Portland, represented plaintiffs.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Order dismissing plaintiffs' complaint entered October 20, 1989.

### CARL N. BYERS, Judge.

This matter is before the court on defendant's Motion to Dismiss on the ground that the court does not have jurisdiction. Defendant asserts that plaintiffs failed to exhaust their administrative remedies. The undisputed facts are taken from plaintiffs' complaint and exhibits attached to defendant's motion.

The department audited Devonshire Associates, a partnership, in which plaintiffs were partners. The audit

resulted in proposed deficiencies. Plaintiffs executed an Authorization to Represent Taxpayer And/Or Disclose Information on August 11, 1986, appointing Stuart S. Lang (Lang), Certified Public Accountant, as their representative. By letter dated September 18, 1986, Lang forwarded this written authorization to defendant, indicating it superseded an earlier one appointing another person as plaintiffs' representative.

An informal conference was held on October 14, 1986, at which Lang represented plaintiffs and Kevin O'Connell (O'Connell), an attorney, represented the other partners in the partnership. The conference officer found against the partners. Defendant issued notices of assessment dated April 24, 1987. The cover letter from the conference officer stated:

> "A partnership has no separate appeal rights under Oregon law. The individual partners must appeal the adjustments made to their individual returns. If you disagree with my decision, you must file a written appeal within 90 days. Your further appeal rights are stated on the enclosure."

The 90-day time limit for appeals from notices of assessment is set by ORS 305.280(2).

On July 23, 1987, O'Connell wrote a letter to the Appeals Division of the defendant, indicating that:

> "On behalf of the Devonshire Associates partners, we appeal the determination made by Conference Officer James Block in his correspondence of April 24, 1987. * * *

> "A list of the Devonshire Associates partners, together with their social security numbers, addresses, tax returns in question, and amounts of the deficiency is appended hereto as Exhibit A and by this reference incorporated herein."

Plaintiffs' names and information were not included on the list attached to O'Connell's letter. However, on November 9, 1987, O'Connell again wrote the Appeals Division indicating that he represented plaintiffs and enclosed an executed "power of attorney" form.[1] The letter indicated that O'Connell represented plaintiffs and that plaintiffs were appealing the notices of assessment and requested a hearing. The letter stated:

---

[1] The power of attorney form was defendant's "Authorization to Represent Taxpayer And/Or Disclose Information." This form was signed by plaintiffs but not dated.

"The request for hearing is consistent with the appeal filed on July 23, 1987 on behalf of the Devonshire Associates partners. Although Mr. and Mrs. Barron are not specifically listed on Exhibit A of that appeal, this does not preclude them from being included in the appeal submitted on behalf of all Devonshire Associates partners on July 23.

"The appeal states 'on behalf of the Devonshire Associates partners, we appeal the determination made by Conference Officer James Block in his correspondence of April 24, 1987.' We believe that this language serves to perfect the appeal rights of all Devonshire Associates partners, including Mr. and Mrs. Barron."

After a hearing on December 7, 1988, defendant issued its Opinion and Order No. 88-0766 rejecting plaintiffs' claim that they had timely appealed. Defendant dismissed their appeal. Plaintiffs then appealed to this court.

Defendant's position is that plaintiffs did not timely appeal because O'Connell's appeal for the partners, dated July 23, 1987, did not include plaintiffs. Not only were plaintiffs not included on Exhibit A, the list of partners attached to the appeal, but as far as the department was concerned O'Connell did not represent plaintiffs. Lang's authorization was still on file with the department. The department had received nothing from plaintiffs authorizing O'Connell to represent them. The department had no indication that O'Connell represented plaintiffs until his letter of November 9, 1987.

Plaintiffs' position is that actual authorization by a taxpayer validates a notice of appeal filed by a representative. Plaintiffs argue that it is not necessary that defendant receive the authorization or be satisfied at the time the appeal is filed. This can be done later. Plaintiffs contend that on July 23, 1987, when O'Connell filed the appeal for the partners, he was actually authorized by plaintiffs to represent them. Plaintiffs argue that it is not necessary that defendant be aware that Lang was no longer their representative at that point.

■■■ Establishment of authorized representation of a taxpayer is a significant step. The department is prohibited from disclosing confidential tax information. ORS 314.835. Department employees are subject to severe penalties, including imprisonment, if they violate the nondisclosure provisions. ORS 314.991(2). In addition to the limitations on confidential

information, the statutes recognize that the actions of a representative will be binding on the taxpayer. ORS 305.230(7).

ORS 305.230(6) provides:

> "No person shall be recognized as representing a taxpayer pursuant to this section unless there is first filed with the department a written authorization, or unless it appears to the satisfaction of the department that the representative does in fact have authority to represent the taxpayer."

For this case, the key words in the statute are "[n]o person shall be recognized as representing a taxpayer." This language imposes a duty upon the defendant to refuse to recognize those who claim representation without written authorization (or some other satisfactory method). One consequence of this duty is that defendant may not accept an appeal or other document from a nonrecognized representative on behalf of a taxpayer. To do so would permit a nonauthorized person's acts to bind the taxpayer. Defendant is correct in arguing that at the time O'Connell filed the partners' appeal, O'Connell was not authorized to represent plaintiffs before the defendant. Consequently, defendant was not allowed to receive an appeal from O'Connell for plaintiffs until Lang's authorization was revoked or modified.

In summary, a taxpayer may act on his own behalf or authorize a representative to act on his behalf. Until the taxpayer notifies the department that he has authorized a representative to act on his behalf, the defendant is required, under ORS 305.230(6), to refuse recognition of a claim of representation. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss is granted. Defendant shall recover its costs herein.